ORDERED.

Dated: October 16, 2018

*Paul M. Glenn*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC. *et al.*. | Case No. 3:16-bk-002230-PMG |
| _____Debtors_____  / | Jointly Administered |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF PREMIER EXHIBITIONS, INC., | Adv. Case No.: 18-ap-00064-PMG |
| Plaintiff, | |
| MARK A. SELLERS, DOUGLAS BANKER, RICHARD KRANIAK, JACK H. JACOBS, DAOPING BAO, SELLERS CAPITAL, LLC, and SELLERS CAPITAL MASTER FUND, LTD., | |
| _____Defendants._____  / | |

**ORDER OF REFERRAL TO MEDIATION AND
PRE-TRIAL DISCOVERY SCHEDULING ORDER**

THIS MATTER came before the Court Wednesday, September 19, 2018 at 1:30 p.m. (the "Hearing") upon the Court's *Order Granting Plaintiff's* Ex Parte *Motion to Stay And*

*Schedule A Status Conference* [D.E. 16]. Counsel for the Plaintiff, the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. (the "Equity Committee" or "Plaintiff"), as well as counsel for all defendants (the "Defendants") (when Plaintiff and Defendants are referred to together, the "Parties") were present, either in the courtroom or telephonically.  Also present in Court were counsel for the Debtor and counsel for 417 Fifth Avenue Real Estate, LLC.  Based on the agreement of the Parties to the timetable below, and based upon the further argument of the Debtors at the Hearing, the Court:

**ORDERS** as follows:

1. The Parties are referred to mediation, (the "Mediation") and shall mediate on or before **Monday, February 18, 2019**.

2. The Court shall conduct a further pretrial conference (the "Pretrial") on __March 20__, **2019 at** __1:30 pm__ on the 4th Floor in Courtroom A, 300 North Hogan Street, Jacksonville, Florida.  If the Parties have successfully mediated this case, it is expected that the Court shall consider any settlement and motion to approve same filed under F.R.B.P. 9019 at the Pretrial.  If the Parties are unsuccessful at the Mediation, then it is expected that the Court will consider entering an appropriate pre-trial scheduling order, including deadlines for initial meeting of counsel and initial disclosures, due dates for any agreed or proposed discovery plan and due dates for any dispositive or responsive pleadings, if not otherwise previously agreed upon by the parties, at the Pretrial.

3. The Parties shall select a mediator on or before **Monday, November 19, 2018**, and select the venue for the Mediation.

4. The Parties shall exchange informal discovery on or before **Tuesday, December 18, 2018**.  Informal discovery is aimed at facilitating an informed discussion between the Parties

at Mediation, and will be of a scope and a nature to be deemed to satisfy initial document disclosure obligations under Local Rule 7001-1(g) and Fed. R. Civ. P. 26(f) should the case not be resolved in mediation and such resolution approved by the Court. Informal discovery shall consist of requests via email or letter by each respective Party requesting facts and documents that either support or refute a particular factual or legal position asserted or anticipated to be asserted by another Party. All requests and responses shall be completed on or before **Tuesday, December 18, 2018**.

5. All other pretrial and trial activity in this case remains stayed. For the avoidance of doubt, the continued stay preserves the Parties' rights to: (i) demand a jury trial and move to withdraw the standing order of reference; and (ii) to move under Fed. R. Bankr. P. 7016 to, *inter alia*, object to the core nature of this case under 28 U.S.C. §157(b). This Order is without prejudice to Defendants' seeking relief in the main case to modify the automatic stay in order to authorize advancement, reimbursement and/or payment of costs and fees under the Debtors', Directors and Officers' insurance policy.

Attorney Robert P. Charbonneau is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.

Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

*All references to "debtor" shall include and refer to both debtors in a case filed jointly by two individuals.