UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  
RMS Titanic, Inc.,

    Debtors,  
_____/

Case No. 3:16-BK-002230-JAF  
CHAPTER 11

Official Committee of Equity Security
Holders of Premier Exhibitions, Inc.,

Mark C. Healy

    Plaintiff*,  
v.  
Mark A. Sellers  
Douglas Banker  
Richard Kraniak  
Jack Jacobs  
Daoping Bao  
Sellers Capital, LLC  
Sellers Capital Master Fund, LTD

    Defendant*.  
_____/

ADV. NO. 3:18-ap 00064-JAF

**DEFENDANTS' MOTION TO**
**WITHDRAW THE REFERENCE IN PART**

Defendant, Daoping Bao ("Bao" or "Defendant"), pursuant to 28 U.S.C. § 157(b)(3), (d), and (e) and Local Rule 7001-1(k)(6) and 5011-1, hereby file this motion to withdraw the reference in part, and states:

**INTRODUCTION**

Defendant respectfully seeks withdrawal of the reference of the above-captioned adversary proceeding in part, in accordance with 28 U.S.C. § 157(b)(3), (d), and (e) and Local Rule 5011-1. Defendant (i) does not consent to the entry of final orders or judgments by the bankruptcy court, *see*

Defendants' respective motions to dismiss [D.E. 34 and 36]; 28 U.S.C. § 157)(e); and (ii) wishes to withdraw the reference in the event that the case proceeds to a jury trial.  Should Plaintiff withdraw his demand for a jury trial, or if it is stricken, Defendant reserves the right to consent to a trial by the Bankruptcy Court.  *See* 28 U.S.C. § 157(c)(1).

## MEMORANDUM OF LAW

While Defendant consents to this action proceeding in the bankruptcy court until trial, in light of Plaintiff's jury trial demand, Complaint at ¶ 91, and with the express intent to avoid any potential waiver of their rights under 28 U.S.C. § 157(c)(1) and (e), Defendant hereby seeks a determination that the Bankruptcy Court does not have jurisdiction to enter final orders or judgments with respect to any non-core count that may survive until trial.  In the event of a bench trial, Defendant reserves the right to consent to a trial by the bankruptcy court.

The Complaint is dominated by state law breach of fiduciary duty claim, which is a non-core bankruptcy proceedings.  *See* Defendants' briefing on their *Joint Motion to Determine that Counts I and II are Non-Core Claims* [D.E. 43 and 55].  Therefore "any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and reviewing de novo those matters to which any party has timely and specially object." 28 U.S.C. § 157(c)(1).

Additionally, the authority of a bankruptcy court to conduct a jury trial is provided in 28 U.S.C. § 157(e), which provides:

> If the right to jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.*

(Emphasis added).  As set forth in the Defendant's motion to dismiss, Defendant <u>does not</u> consent to a jury trial by the bankruptcy court. *In re Southeast Connectors, Inc.,* 113 B.R. 85 (S.D. Fla. 1990) (reference withdrawn where movant was entitled to jury trial). *See also Growers Packing Co., v. Community Bank of Homestead,* 134 B.R. 438, 444 (S.D. Fla. 1991) (withdrawing reference after finding that bankruptcy court lacked statutory authority to conduct jury trial in fraudulent conveyance/preference case.).

Defendant does not consent to final orders or judgments being entered by, or a jury trial being held before, before the bankruptcy court.  Accordingly, (i) the district court shall consider the findings and conclusions of the bankruptcy court and consider matters which are timely objected to de novo; and (ii) should the case proceed to a jury trial, Defendant requests that the jury trial be held in the district court.  Again, if there is a bench trial held in this case, Defendant reserves the right to consent to such trial being held in the bankruptcy court.

WHEREFORE, Defendants seeks an order in accordance with the foregoing, and such other and further relief as the Court deems just and proper.

**Respectfully submitted,**        **Mitrani, Rynor, Adamsky & Toland**

Attorneys for Defendant
301 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: (305) 358-0050
Facsimile:   (305) 358-0550
Email: dbitran@mitrani.com
             imitrani@mitrani.com
             cayala@mitrani.com
             miamidocketing@mitrani.com


By: /s/ *James J. Webb*
James Webb
Florida Bar No. 0080993

*Defendants' Joint Motion to Withdraw the Reference in Part*
**Case No.: ADV. NO. 20-00051-JAF**
**Page 3 of 4**

# CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on the 10th day of August, 2020, we electronically filed the foregoing with the Clerk of Court via the CM/ECF Portal which will serve a true and correct copy on the following:

AGENTIS, PLLC
Robert P. Charbonneau, Esq.
Christopher B. Spuches, Esq.
Jason A. Martorella, Esq.
55 Alhambra Plaza, Suite 800
Coral Gables, FL 33134
Tel: (305) 722-2002
rpc@agentislaw.com
cbs@agentislaw.com
jam@agentislaw.com
*Counsel for Plaintiff*

CIMO MAZER MARK PLLC
David C. Cimo, Esq.
Marilee A. Mark, Esq.
100 S.E. 2nd Street, Suite 3650
Miami, FL 33131
Tel: (305) 374-6480
Fax: (305) 374-6488
decimo@cmmlawgroup.com
mmark@cmmlawgroup.com
*Co-Counsel for Plaintiff*

**Mitrani, Rynor, Adamsky & Toland**
Isaac Mitrani, Esq.
Carlos Ayala, Esq.
James Webb, Esq.
301 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: (305) 358-0050
Facsimile:   (305) 358-0550
dbitran@mitrani.com
imitrani@mitrani.com
cayala@mitrani.com
miamidocketing@mitrani.com
*Counsel for Defendant Daoping Bao*